**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| LAI L CHIU, an individual, | ) | 2:11-cv-01400-ECR-CWH |
| Plaintiff, | ) | |
| vs. | ) | **Order** |
| BAC HOME LOANS SERVICING, LP; MESCORP, ING., a Virginia corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a subsidiary of MERSCORP, INC., a Delaware corporation; and DOES individuals 1 to 100, inclusive; and ROES corporations 1 to 30, inclusive; and all other persons and entities unknown claiming any right, title, estate, lien or interest in the real property described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto, | ) | |
| Defendants. | ) | |

Plaintiff is a homeowner alleging a predatory lending scheme by Defendants. Now pending are a motion to dismiss (#8), a motion for entry of clerk's default (#15), a motion for leave to file a surreply (#18), a motion to strike (#20), a motion for preliminary injunction (#28), and a motion for leave to file an amended complaint (#33).

# I. Background

On April 27, 2007, Plaintiff borrowed $650,000 from Countrywide Home Loans Inc. ("Countrywide") to purchase the property located at 1644 Saintsbury Drive, Las Vegas, Nevada 89144, Parcel No. 137-24-419-014, secured by a Foreclosing Deed of Trust on the Property, which was recorded on May 10, 2007 in the Official Records of Clark County, Nevada. (Foreclosing Deed of Trust, Ex. A (#8-1)[1].) ReconTrust Company, N.A. ("ReconTrust") was the trustee. (Id.)

On May 12, 2011, Mortgage Electronic Registration Systems, Inc. ("MERS") assigned the Deed of Trust to the Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-19, Mortgage Pass-through Certificates, Series 2007-19 ("BNY Mellon Trust"), and recorded an Assignment of Deed of Trust on May 17, 2011. (Assignment of Deed of Trust, Ex. B (#8-2).)

On July 21, 2011, after Plaintiff failed to make his loan payments, ReconTrust, as trustee under the Foreclosing Deed of Trust, recorded a Notice of Default and Election to Sell. (Notice of Default, Ex. C (#32-3).)

On August 4, 2011, Plaintiff filed his complaint (#3) alleging causes of action for (1) violations of Unfair Lending practices-Nev. Rev. Stat. §§ 598D.100, 598D.110; (2) deceptive trade practices; (3) conspiracy to commit fraud and conversion; (4) conspiracy to

---

[1] Defendants request judicial notice of the deed of trust, substitution of trustee, election to sell, and other such exhibits. Under Federal Rule of Evidence 201, a court may judicially notice matters of public record. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n. 1 (9th Cir 2004). Therefore, we take judicial notice of these public records.

2

conversion related to MERS; (5) inspection and accounting; (6) unjust enrichment; (7) breach of good faith and fair dealing; (8) injunctive relief; (9) declaratory relief; (10) rescission; (11) violations of the Fair Housing Act-42 U.S.C. § 3601 *et seq.*

On August 31, 2011, Defendants removed (#1) the case to this Court. Now pending are a number of motions.

## II. Motion to Dismiss (#8)

### A. Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to pleadings in "all civil actions"). On a motion to dismiss, except where a heightened pleading standard applies, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) (noting that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks omitted). Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In

3

re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers

4

extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. Id. at 909; see FED. R. EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

**B. Discussion**

1. Unfair Lending Practices Act Claim

Plaintiff's first cause of action for unfair lending practices in violation of Nev. Rev. Stat. § 598D is time-barred. The statute of limitations for "[a]n action upon a liability created by statute" is three years. NEV. REV. STAT. § 11.190(3)(a). Plaintiff obtained the loan at issue in April 2007, and filed this action on August 4, 2011. Plaintiff's claim for unfair lending practices is therefore untimely and must be dismissed without leave to amend.

2. Unfair Trade Practices Claim

Plaintiff's second cause of action for violation of the Nevada Unfair and Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0923, also fails as a matter of law. The statute provides that a person engages in deceptive trade practices when he or she knowingly conducts his or her business or occupation without all required state, county, or city licenses. NEV. REV. STAT. § 598.0923(1). However, the statutes explicitly state that the

5

following activities do not constitute doing business in Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. NEV. REV. STAT. § 80.015(1)(a), (g), (h).  Because Defendants are explicitly exempted from the need to acquire licenses, the Court dismisses Plaintiff's second cause of action without leave to amend.

### 3. Conspiracy to Commit Fraud and Conversion

Plaintiff claims that Defendants conspired to commit fraud and conversion forming an association to conspire to deprive Plaintiff of Plaintiff's property through fraud and misrepresentation that would result in Plaintiff entering into loan agreement for which Plaintiff was ultimately not qualified. A party alleging fraud "must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).  In addition, "[a]llegations of conspiracy should be accompanied by the who, what, when, where, and how of the misconduct." Frederick v. Fed. Nat'l Mortg. Ass'n, No. 2:11-cv-00522-GMN-CWH, 2012 WL 1340801 at *4 (D. Nev. Apr. 18, 2012).  Here, Plaintiff fails to provide any specific factual allegations that support a conspiracy, other than generalized statements about Defendants associating to commit a conspiracy.  Plaintiff has not shown in response or in the motion for leave to amend that there are any such specialized facts necessary to support a conspiracy claim, and shall not be allowed leave to amend.

6

#### 4. Conspiracy to Conversion Related to MERS System

Plaintiff's fourth cause of action rests on allegations that Defendants have conspired among themselves to develop a system of earning profits from residential loans through MERS. The court in Cervantes v. Countrywide Home Loans, Inc. discussed this type of MERS conspiracy claim in depth. No. CV 09-517-PHX-JAT, 2009 WL 3157160 at *10 (D. Ariz. Sep. 24, 2009). As noted in Cervantes, under the MERS system, "the rights to the mortgage are tracked internally and not recorded in the public records each time the rights to the mortgage are bought and sold." Id. According to Plaintiff, MERS was "created for the unlawful hiding and insulating of brokers and originators of predatory toxic loans from accountability and liability." (Compl. ¶ 67 (#3).) The charge of conspiracy fails because Plaintiff has failed to provide any evidence that the MERS system commits a fraud upon Plaintiff. In Cervantes, the court concluded that a lack of notice in the public records to future buyers of Plaintiff's mortgage does not alter Plaintiff's obligation under the mortgage. Id. at *11. The allegations here are insufficient to show fraud, and are identical to the language in numerous foreclosure complaints which have been dismissed for failing to show a conspiracy by the MERS system. Leave to amend shall not be granted.

#### 5. Inspection and Accounting

An action for inspection and accounting may be brought "only where the plaintiff can establish that there exists a relationship of special trust between the plaintiff and defendant." Manjarrez v. Fed. Nat'l Mortg. Ass'n, No. 2:11-cv-01913-JCM-CWH, 2012 WL 254078

7

at *5 (D. Nev. Jan. 27, 2012).  Absent special circumstances, no such fiduciary relationship exists between a lender and a borrower. Giles v. General Motors Acceptance Corp., 494 F.3d 865, 882 (9th Cir. 2007).  In Giles, the Ninth Circuit found that plaintiffs' allegations that they were encouraged to place trust in a lender and therefore signed documents without reading them were insufficient to show a special fiduciary relationship.  Id.  Likewise, Plaintiff has failed to show evidence of a special fiduciary relationship that would allow a claim for inspection and accounting in this case, nor has the proposed amended complaint solved those deficiencies.

### 6. Unjust Enrichment

Under Nevada law, a claim of unjust enrichment "is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." Leasepartners Corp. V. Robert L. Brooks Trust, 942 P.2d 182, 187 (Nev. 1997) (per curiam).  Plaintiff alleges that there exists an insurance policy which protects Defendants in the case of a default and the collection of the policy benefits along with the reacquisition of the subject property constitute an unjust enrichment. Because any alleged enrichment of Defendants depends on terms of Plaintiff's loan, which is an express written contract, a theory of unjust enrichment must be rejected and leave to amend shall not be granted for this claim.

### 7. Breach of Good Faith and Fair Dealing

Plaintiff's seventh claim also fails.  Pursuant to Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution."  A.C. Shaw Constr.

v. Washoe Cty., 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205).  This duty requires each party not to do anything to destroy or otherwise injure the rights of the other to receive the benefits of the contract.  Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 808 P.2d 919, 923 (Nev. 1991).  To prevail on a cause of action for breach of the implied covenant of good faith and fair dealing, a plaintiff must show: (i) the plaintiff and defendants were parties to a contract; (ii) the defendant owed plaintiff a duty of good faith and fair dealing; (iii) the defendant breached the duty by performing in a manner unfaithful to the purpose of the contract; and (iv) the plaintiff's justified expectations were denied.  Fitzgerald, 2011 WL 2633502 at *6 (citing Perry v. Jordan, 900 P.2d 335, 338 (Nev. 1995)).

    Plaintiff makes undifferentiated claims that all Defendants breached the implied covenant by "failing to disclose material terms of the loans and incidental services to the Plaintiff" but does not explain what material terms were undisclosed. (Compl. ¶ 94 (#3).) Plaintiff has failed, however, to allege a single fact that would establish that the manner in which Defendants complied with the contracts at issue contravened the intention or spirit of the contracts.  Plaintiff's claim for breach of the implied covenant of good faith and fair dealing will therefore be dismissed.

        8. Injunctive Relief

    Plaintiff's eighth cause of action, injunctive relief, must be premised upon a separate cause of action.  Because the Court finds that Plaintiff has no viable claim based on the foreclosure of the property, the request for injunctive relief must fail.

### 9. Declaratory Relief

As discussed above, the request for declaratory relief must also fail because Plaintiff has not stated any claims upon which relief may be granted.

### 10. Rescission

Plaintiff's tenth cause of action states that Plaintiff is entitled to rescind the loan because Plaintiff's consent was obtained through fraudulent means, Defendant never disclosed the true note holder, Defendant breached their contractual obligations, and other such bases which form, as a whole, a claim for wrongful foreclosure.

As with the requests for injunctive and declaratory relief, Plaintiff's request for cancellation of the loan fails because Plaintiff is unable to show fraud or wrongful foreclosure.

### 11. Violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*

Plaintiff alleges that Defendants discriminated against Plaintiff on the basis of race due to Plaintiff's Chinese background.  Plaintiff does not state any specific facts supporting the allegation that Plaintiff was treated differently to other borrowers on the basis of race.  Furthermore, a Fair Housing Act claim is barred by the statute of limitations, which is two years, and the claim must be dismissed without leave to amend.

## III. Motion for Default Judgment (#15)

Plaintiff filed a motion for a default judgment (#15) against BAC Home Loans Servicing LP ("BAC Home Loans"), alleging that

10

despite being served, BAC Home Loans has not filed an anaswer or an appearance. Defendant Bank of America, N.A., successor by merger to BAC Home Loans, filed a response, stating that Defendants removed the case to federal court and filed a motion to dismiss (#8), and the motion for default judgment (#15) is utterly without merit. As Bank of America, N.A. has appeared in this case, the motion for default judgment (#15) must be denied.

### IV. Motion for Leave to File Surreply (#18) and Motion to Strike (#20)

Plaintiff filed a motion entitled "Motion for Leave to Submit Reply to Defendant's Reply in Support of Defendant's Motion to Dismiss" (#18) in which Plaintiff requests that the Court take judicial notice of AB 284, which became effective October 1, 2011, which imposes certain requirements on foreclosure proceedings. Plaintiff also requests that we take note of In re Veal, a 2011 case. See In re Veal, 450 B.R. 897 (B.A.P. 9th Cir. 2011).

Defendants request that we strike the motion (#18) because it is improper in their opposition (#19), which the Court also treated as a Motion to Strike (#20). We agree that this second opposition to the Motion to Dismiss (#8) is improper, and Plaintiff has shown no basis upon which Plaintiff should be allowed to file additional points and authorities.[2] Plaintiff's Motion (#18) must be denied,

---

[2] While procedurally improper, we would like to briefly discuss Plaintiff's arguments. Assembly Bill 284's amendments to Nevada foreclosure law do not apply here because the assignments and notice of default were filed and recorded before October 1, 2011. In addition, In re Veal is not binding on this Court, and it has been distinguished by other courts because the Veal court was determining

11

and stricken as requested by Defendants in their Motion to Strike (#20).

### V. Motion for Preliminary Injunction (#28)

Plaintiff requests an injunction prohibiting Defendants from completing the Notice of Default.  The Court has found that Plaintiff has failed to allege claims related to the foreclosure of Plaintiff's property, and therefore the Motion for Injunction (#28) must be denied.

### VI. Motion for Leave to Amend (#33)

Plaintiff requests leave to file a first amended complaint. While Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given "when justice so requires," we cannot find that Plaintiff has shown an entitlement to amend the complaint in this case.  In this case, we have found that amendment would be futile because the factual allegations do not support a claim of fraud or other violation based on the foreclosure of Plaintiff's property.  Plaintiff's proposed amended complaint is attached to the Motion (#33), and repeats the factual allegations of the current complaint (#3).  The proposed complaint (#33) does not contain any causes of actions, merely a statement of facts, a statement of damages, and a request for damages and to quiet title.  The proposed amended complaint contains no allegations which could fix the

---

whether entities had standing to obtain relief from a bankruptcy stay. In this case, the bank Defendants are defending against Plaintiff's claims.

12

deficiencies of the current complaint, nor are we convinced that further allegations could be brought by Plaintiff to support legitimate claims based on the mortgage. Plaintiff cannot allege that Plaintiff failed to make payments on the mortgage, and has failed to provide in the original complaint or the proposed complaint any factual allegations that could support wrongful foreclosure. Therefore, amendment would be futile and the Motion (#33) must be denied.

### VII. Conclusion

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' Motion to Dismiss (#8) is **GRANTED**. Plaintiff's claims are dismissed without leave to amend, and the action is dismissed against all Defendants as there are no remaining claims.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (#15) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Surreply (#18) is **DENIED** and **STRICKEN**, as requested by Defendants' Motion to Strike (#20), which is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (#28) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File an Amended Complaint (#33) is **DENIED**.

The Clerk shall enter judgment accordingly.

DATED: May 25, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

13